RECEIVED

AUG 3 0 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

JUDGE HICKS
MAG JUDGE HORNSBY

113502

| | |
|---|---|
| DAVID A. PERRY | NUMBER:          SECTION: |
| VERSUS | 26TH JUDICIAL DISTRICT COURT |
| LONNIE M. BRILEY AND SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY | BOSSIER PARISH, LOUISIANA |

CV03-1538 S

PETITION FOR DAMAGES   DIV. E. - BOLIN

NOW INTO COURT, through undersigned counsel, comes and appears DAVID A. PERRY, of the full age of majority and a resident of Bossier Parish, Louisiana, who respectfully represents to the Court that:

1.

Made defendants in this petition are the following:

1. **LONNIE M. BRILEY**, a resident of Saint Landry Parish, Louisiana; and

2. **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Lonnie M. Briley)**, a foreign insurance company authorized to and doing business in the State of Louisiana; and

3. **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner)**, a foreign insurance company authorized to and doing business in the State of Louisiana; and

4. **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of David A. Perry)**, a foreign insurance company authorized to and doing business in the State of Louisiana.

2.

The parties hereto, the subject matter hereof, and all matters and things contained are within the jurisdiction of this Honorable Court.

3.

The wrongful act which injured the Petitioner occurred on August 5, 2003 at the intersection of U.S. Highway 80 and Louisiana Highway 614 in Bossier Parish, Louisiana.

4.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY** was the liability insurer for a 2002 Ford F250 pickup truck, which was owned and driven by **LONNIE M. BRILEY**. Said insurance policy was in full force and effect and covered all negligent acts of **LONNIE M. BRILEY**.

F:\WP\PI\Perry, David\Pleadings.Petition.wpd

FILED
JAN 9 2004

DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

5.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY** was the insurer of a 2003 Yamaha V6A motorcycle, which was owned by Charlotte Turner. Said insurance policy was in full force and effect at the time of the accident.

6.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY** was the underinsured motorist carrier of **DAVID A. PERRY**. Said insurance policy was in full force and effect at the time of the accident.

7.

**DAVID A. PERRY** was driving the 2003 Yamaha V6A motorcycle and proceeding eastbound on US Highway 80 when **LONNIE M. BRILEY** made a left turn in front of the Petitioner causing a collision.

8.

**DAVID A. PERRY** was exercising due care and caution and was completely free from any and all negligence, fault, or breach of duties in any manner which contributed to the injuries and damages sustained.

9.

The negligence, fault, and breach of duty of **LONNIE M. BRILEY** consists of the following non-exclusive particulars:

1. Failure to maintain a proper outlook;
2. Failure to keep vehicle under proper control;
3. Failure to yield;
4. Failure to timely apply brakes;
5. Driver condition;
6. Careless operation of vehicle;
7. A wanton disregard for the rights and safety of others and particularly that of your Petitioner; and
8. Other acts of negligence which will be shown at trial.

10.

The wrongful act caused injuries to **DAVID A. PERRY**, which have required medical treatment.

11.

DAVID A. PERRY states that as a result of this wrongful act caused by the negligence, fault, and breach of duties of **LONNIE M. BRILEY**, he has suffered the following damages:

A. Past, present and future physical pain and suffering

B. Past, present and future mental pain and anguish

C. Past, present and future medical care expenses

D. Disability

E. Lost wages and economic opportunity

12.

DAVID A. PERRY avers that the liability policy of the **LONNIE M. BRILEY** is insufficient to satisfy the claims.

13.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner)**, provided a policy of personal injury protection for medical expenses and disability coverage which was in full force and effect at the time of the collision.

14.

DAVID A. PERRY avers that the actions and/or failure to act of **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner)** were arbitrary and capricious and thus she is entitled to damages, penalties and attorney fees in the prosecution of this matter.

15.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of David A. Perry)**, provided a policy of personal injury protection for medical expenses and disability coverage and under-insured motorist coverage which were in full force and effect at the time of the collision.

16.

DAVID A. PERRY avers that the actions and/or failure to act of **SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of David A. Perry)** were arbitrary and capricious and thus he is entitled to damages, penalties and attorney fees in the prosecution of this matter.

WHEREFORE, Petitioner prays that:

1. LONNIE M. BRILEY and SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY each be served with a copy of this petition and cited to appear and answer same;

2. After all legal delays and due proceedings had, that there be judgment herein in favor of DAVID A. PERRY, and against LONNIE M. BRILEY and SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY for relief for such damages; general, special and exemplary, as may be reasonable, together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings; and

3. After all legal delays and due proceedings had, that there be judgment herein in favor of DAVID A. PERRY, and against SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner) for relief for such damages; general, special and exemplary, as may be reasonable, together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings; and

4. There be judgment rendered in favor of DAVID A. PERRY, and against SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner) for their arbitrary and capricious actions for such damages, penalties and attorney fees which may be reasonable, together with legal interest thereon from the date of judicial demand until paid; and,

5. After all legal delays and due proceedings had, that there be judgment herein in favor of DAVID A. PERRY, and against SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of Charlotte Turner) for relief for such damages; general, special and exemplary, as may be reasonable, together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings; and

6. There be judgment rendered in favor of DAVID A. PERRY, and against SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY (in its capacity as the insurer of David A. Perry) for their arbitrary and capricious actions for such damages, penalties and attorney fees which may be reasonable, together with legal interest thereon from the date of judicial demand until paid; and,

7. For all other relief, both general and equitable as may be necessary in the premises.

*[signature]*

F. Q. Hood, Jr.
Louisiana Bar # 17626
1503 Doctors Drive
Bossier City, Louisiana 71111
Telephone:   (318) 742-1000
Facsimile:    (318) 747-1499

SERVICE INSTRUCTIONS:

**LONNIE M. BRILEY**
1016 Cosey Road
Washington, Louisiana

and

**SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY**
through the Secretary of State
Walter Fox McKeithen
8549 United Plaza Boulevard
Baton Rouge, Louisiana